```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


GEORGE POOLE,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 4:06CV1032(TCM)
                                     )
TERRY BALES, et al.,                 )
                                     )
            Defendant.               )
```

ORDER AND MEMORANDUM

This matter is before the Court upon the applications of George Poole for leave to commence this action without payment of the required filing fee [Doc. #2].  See 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v.

1

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks an unspecified amount in damages for alleged violations of his federally protected rights. Named as defendants are Terry Bales, Jason Flanery, the City of Webster Groves, and Debra Lemoine.

On February 10, 2004, defendant Flanery issued plaintiff three traffic citations: (1) driving off pavement and failure to wear seatbelt; (2) driving without insurance; and (3) operating a defective motor vehicle.[1] Plaintiff states that he hired an

---

[1]Plaintiff filed a federal civil rights action concerning the events and circumstances around this traffic stop. See Poole

2

attorney, David C. Stokely, who entered his appearance on plaintiff's behalf in these cases. It appears that the case remained on the docket for over two years - from February 2004 to June 2006 - without resolution.[2] In June 2006, it appears that warrants were issued for plaintiff's arrest with regard to these cases. Plaintiff alleges that he was not informed of the court dates by his attorney. Plaintiff claims that these actions violate his "freedom of speech, the right to petition for a redress of grievances."

## Discussion

Shortly after plaintiff filed the instant action, the Court en banc issued an order severely limiting plaintiff's ability to file actions in this Court. See In re George Poole, No. 4:06CV595(CEJ). In that order, the Court found that plaintiff had "abused the judicial process and has abused his right to file actions and proceedings in this Court 'by filing a multitude of meritless lawsuits, and that this course of conduct will likely continue unabated unless preventive measures are imposed.'" Id. (quoting In re Billy Roy Tyler, 839 F.2d 1290, 1295 (8th Cir. 1985). The Court further directed that "each prospective complaint

---

v. Flanery, No. 4:04CV940(SNL) (E.D.Mo.). All the defendants were granted summary judgment in that case.

[2]It appears that the prosecuting attorney offered to dismiss the insurance and defective vehicle charges on payment of court costs and being presented proof that plaintiff had insurance and had repaired his vehicle. It appears that plaintiff did not accept this offer.

3

be supported by affidavits which set forth, clearly and specifically, the facts giving rise to the complaint and any documentation fo such facts as may exist or as the Court may require."  Although the instant action is not governed by the en banc order, the Court need not ignore plaintiff's history before this Court when reviewing the instant complaint.

There is no question that plaintiff was issued three traffic citations.  See Poole v. Flanery, No. 4:04CV940(SNL) (E.D.MO. Oct. 5, 2006, order granting summary judgment). Plaintiff's claim that his civil rights were violated when he was issued these citations have been rejected.  Id.  By his own admission, plaintiff missed several court dates concerning these traffic citations.  Under the circumstances, the issuance of warrants concerning these traffic charges does not rise to the level of a constitutional violation.  Moreover, plaintiff's suit appears to be an improper attempt to delay lawful resolution of the pending traffic cases and to harass defendant Flanery.  As such, the instant action is also malicious.  See 28 U.S.C. § 1915(e)(2)(B)(i).  Based on the foregoing, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #2]is **GRANTED.**

**IT IS FURTHER ORDERED** the Clerk receive and file the complaint in this action without payment of the required filing fee.  See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of March, 2007.

      **/s/ Jean C.Hamilton**
      **UNITED STATES DISTRICT JUDGE**